UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY INSURANCE COMPANY | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:24-CV-576-CWR-ASH |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL. | DEFENDANTS |

ORDER

On September 23, 2024, Plaintiff Starr Indemnity & Liability Insurance Company filed this lawsuit against Defendants Liberty Mutual Fire Insurance Company and Daniel, Coker, Horton and Bell, P.A. ("Daniel Coker"). On January 30, 2025, Liberty Mutual filed an answer [15] and Daniel Coker filed a motion to dismiss [17]. Under Federal Rule of Civil Procedure 7.1 and Local Rule 7(c), a nongovernmental corporation must file with its initial pleading a Rule 7.1 disclosure statement. And effective December 1, 2022, *every* party or intervenor in a case in which jurisdiction is based on diversity must file a disclosure statement in accordance with Rule 7.1(a)(2). That disclosure statement

> must name—and identify the citizenship of—every individual or entity whose citizenship is attributed to that party or intervenor:
>
> (A) when the action is filed or removed to federal court, and
>
> (B) when any later event occurs that could affect the court's jurisdiction under § 1332(a).

Fed. R. Civ. P. 7.1(a)(2).

Alleging citizenship for a corporation is relatively straightforward. *See MidCap Media Fin., L.L.C. v. Pathway Data, Inc.,* 929 F.3d 310, 314 (5th Cir. 2019) ("[A]llegations regarding the citizenship of a corporation must set out the principal place of business of the corporation as

1

well as the state of its incorporation[.]" (quoting *Neeley v. Banker Tr. Co. of Tex.*, 757 F.2d 621, 634 n.18 (5th Cir. 1985))). A professional association, however, must identify the citizenship of each of its partners or members. *See Whitehead v. Urology P.A.*, No. 1:23-CV-92-DMB-DAS, 2023 WL 4568778, at *1 (N.D. Miss. July 17, 2023) ("[T]he citizenship of professional associations and partnerships is determined by the citizenship of their partners or members.") (citing *NL Indus., Inc. v. OneBeacon Am. Ins. Co.*, 435 F. Supp. 2d 558, 561 (N.D. Tex. 2006))).

In this case, no party has filed its Rule 7.1 disclosure statement. Every party is therefore ordered to file a complete Rule 7.1 disclosure statement within 7 days of this Order.

**SO ORDERED AND ADJUDGED** this the 10th day of February, 2025.

s/ *Andrew S. Harris*
UNITED STATES MAGISTRATE JUDGE
