UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

| | |
|---|---|
| STARR INDEMNITY & LIABILITY INSURANCE COMPANY | PLAINTIFF |
| V. | CIVIL ACTION NO. 3:24-CV-576-CWR-ASH |
| LIBERTY MUTUAL FIRE INSURANCE COMPANY, ET AL. | DEFENDANTS |

ORDER

This matter is before the Court on Defendant Liberty Mutual Fire Insurance Company's Motion to Stay Case [21]. As explained below, the Court finds the motion is moot, but will nonetheless consider a temporary stay of discovery, the attorney conference and disclosure requirements, and the case management conference pending a ruling on Liberty Mutual's Second Motion to Disqualify Balch & Bingham, LLP and Spencer Fane, LLP [53] from representing Plaintiff Starr Indemnity & Liability Insurance Company.

On January 31, 2025, Liberty Mutual moved to stay the case [21] pending the outcome of the related case, *Starr Indemnity & Liab. Ins. Co. v. River & Roads Directional Drilling, LLC, et al.*, No. 3:23-CV-215-CWR-LGI, because that outcome "will determine whether Starr, due to its own misconduct, is estopped from asserting its coverage and course-and-scope arguments" in the present litigation. Memo. [22] at 2. Alternatively, Liberty Mutual asks for a stay at least until the conclusion of the jury trial. *Id.* at 5. Defendant Daniel, Coker, Horton and Bell, P.A., filed a response [26]; Starr filed a response [31]; and Liberty Mutual filed a reply [32]. The jury trial was completed in the related case on May 2, 2025. Although post-trial matters remain pending, the jury's verdict renders Liberty Mutual's motion to stay [21] moot.

1

On April 17, 2025, before the jury trial began, Liberty Mutual filed its Second Motion to Disqualify Balch & Bingham and Spencer Fane [53]. That motion, now fully briefed, remains pending before the Court.

A district court "has inherent power 'to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.'" *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005) (quoting *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936)) (collecting cases affirming district courts' invocation of this inherent power). This "includes [the] authority to control the scope and pace of discovery." *Moskovits v. Mercedes-Benz Fin. Servs. USA LLC*, No. 4:21-CV-2260, 2022 WL 413370, at *2 (S.D. Tex. Jan. 31, 2022) (quoting *In re Ramu Corp.*, 903 F.2d 312, 318 (5th Cir. 1990)); *Davis v. United States Army Reserve Through 321st Sustainment Brigade*, No. CV-19-305-BAJ-EWD, 2019 WL 5777387, at *1 (M.D. La. Nov. 5, 2019). "Even discretionary stays, however, will be reversed when they are 'immoderate or of an indefinite duration.'" *In re Ramu Corp.*, 903 F.2d at 318.

In the face of threshold immunity or jurisdictional questions, courts often stay discovery. *See Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982) ("Until this threshold immunity question is resolved, discovery should not be allowed."); *J.A. b/n/f Alvarez v. Tex. Educ. Agency*, No. 1:19-CV-921-RP, 2020 WL 3270834, at *2 (W.D. Tex. June 17, 2020) (staying discovery until ruling on defendant's motion to dismiss raising immunity and challenging jurisdiction); *see Johnson v. Ashmore*, No. 3:15-CV-2475-K, 2016 WL 8453918, at *1 (N.D. Tex. Jan. 22, 2016) (staying discovery until ruling on the "preliminary question[]" of jurisdiction). The Local Rules similarly instruct this Court to stay discovery in those instances. *See* L.U. Civ. R. 16(b)(3)(B) ("Filing a motion to compel arbitration, or a motion asserting an immunity defense or jurisdictional

defense, stays the attorney conference and disclosure requirements and all discovery, pending the court's ruling on the motion.").

Although it does not raise an immunity or jurisdictional issue, Liberty Mutual's Motion to Disqualify [35] poses an important preliminary question: Will a conflict of interest require Starr to hire different legal counsel? Lower courts in the Fifth Circuit have found it appropriate to resolve a disqualification issue before ruling on dispositive motions or to stay proceedings pending ruling on that issue. *See, e.g.*, *Acad. of Allergy & Asthma in Primary Care v. La. Health Serv. & Indem. Co.*, 384 F. Supp. 3d 644, 660 (E.D. La. 2018) (deferring consideration of two motions to dismiss pending ruling on the disqualification motion); *Hill v. Hunt*, No. 307-CV-2020-O, 2008 WL 4108120, at *3 (N.D. Tex. Sept. 4, 2008) (finding it appropriate to address the disqualification motion before the motion to dismiss); *Amec Constr. Mgmt., Inc. v. Fireman's Fund Ins. Co.*, No. CV-13-718-JJB-EWD, 2016 WL 7468808, at *2 (M.D. La. May 31, 2016) (granting joint motion for a stay of proceedings pending ruling on defendant's motion to disqualify counsel and finding the stay "will serve the interests of efficiency and judicial economy"). This makes sense given the possible outcome of such a motion and the ethical issues at stake. If the Court finds "a disqualifying conflict of interest exists," then it "would be improper for [the] Court to consider [those] motions prepared by [counsel subject to the conflict]." *Acad. of Allergy & Asthma in Primary Care*, 384 F. Supp. 3d at 661.

The parties dispute whether Starr's counsel have a conflict of interest in their alleged concurrent representation of Liberty Mutual and Starr. But a limited stay is warranted until that important preliminary question is resolved. Although the Court refrains at this time from specifically deferring consideration of motions (dispositive or otherwise) or staying all proceedings, the Court finds that a temporary stay of discovery pending ruling on the motion to

disqualify is appropriate. This stay of discovery includes a stay of the attorney conference, the initial disclosure requirements, and the case management conference. The Court also finds that a temporary stay of discovery pending ruling on the motion will avoid the expenditure of potentially unnecessary resources. Because this stay of discovery will continue only until a ruling on the motion to disqualify, it is inherently for a limited duration of time and will not unduly delay the proceedings. Under these circumstances and in light of the Court's broad discretion to stay discovery, the Court therefore finds addressing the disqualification issue prior to discovery would best serve the interests of time and judicial economy.

IT IS, THEREFORE, ORDERED that all discovery is stayed pending the Court's ruling on Liberty Mutual's Second Motion to Disqualify Balch & Bingham, LLP and Spencer Fane, LLP [53]. Unless the Court orders otherwise, the parties must contact the undersigned's chambers within 14 days of the Court's ruling on the Motion to Disqualify [53] to schedule a status conference.

IT IS FURTHER ORDERED that all deadlines related to the Case Management Conference, including the deadline to conduct the Rule 26(f) attorney conference and serve initial disclosures, are also stayed pending the Court's ruling on the Motion to Disqualify [53].

**SO ORDERED AND ADJUDGED** this the 9th day of June, 2025.

                                        s/ *Andrew S. Harris*
                                        UNITED STATES MAGISTRATE JUDGE